IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ARNOLD D. DARDEN                        §
(TDCJ No. 1290607),                     §
                                        §
            Petitioner,                 §
                                        §
V.                                      §        No. 3:16-cv-3361-M-BN
                                        §
LORIE DAVIS, Director                   §
Texas Department of Criminal Justice,   §
Correctional Institutions Division,     §
                                        §
            Respondent.                 §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge

for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of

reference from Chief Judge Barbara M. G. Lynn. The undersigned issues the following

findings of fact, conclusions of law, and recommendation that the Court should deny

Petitioner Arnold D. Darden's motion for leave to proceed *in forma pauperis* ("IFP")

[Dkt. No. 4].

**Applicable Background**

Petitioner, a state prisoner, has filed this action under 28 U.S.C. § 2241 and also

requests a writ of mandamus. But, in substance, his claims may be understood better

as actionable under 28 U.S.C. § 2254. *Cf. Salinas v. Tex. Parole Bd.*, No. SA-10-CA-983-

XR, 2010 WL 5665066, at *3 (W.D. Tex. Dec. 21, 2010) ("Although Salinas[, a state

prisoner,] filed this petition under § 2241, it is 'an application for a writ of habeas

corpus in behalf of a person in custody pursuant to the judgment of a State court ... ,'
and shall be construed as a § 2254 habeas petition." (quoting 28 U.S.C. § 2254(a))), *rec.
accepted*, 2011 WL 318621 (W.D. Tex. Jan. 28, 2011).

Regardless, the filing fee to initiate an action under Section 2241 and Section
2254 is the same – $5.00. *See* 28 U.S.C. § 1914(a).

A verified inmate trust account certification attached to Petitioner's IFP motion
reflects that on November 30, 2016, his account balance was $0.05, but his six-month
average balance was $28.44, and the average amount deposited monthly into his
account over the past six months was $108.33. *See* Dkt. No. 4 at 3. Thus, as the trust
account certification reflects, over the past six months, $650.00 has been deposited into
Petitioner's account. *See id.*; *see also id.* at 1 (stating that he "receives $100.00 from
family members").

### Legal Standards and Analysis

28 U.S.C. § 1915(a) sets forth the standards governing *in forma pauperis*
motions. The district court may authorize the commencement of a civil action without
the prepayment of fees or costs "by a person who submits an affidavit ... that [he or she]
is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The Court
must examine the financial condition of the applicant in order to determine whether
the payment of fees would "cause [an] undue financial hardship." *Prows v. Kastner*, 842
F.2d 138, 140 (5th Cir. 1988).

The amount of money available to inmates in their prison trust account or from

other sources should be considered. *See id.*; *Simon v. Quarterman*, No. 3:07-cv-1793-D, 2007 WL 4167943, at *1 (N.D. Tex. Nov. 20, 2007).

As the filing fee for a habeas case is $5.00, although Petitioner is incarcerated, and although the balance in his account was $0.05 on November 30, 2016, the financial picture he presents – as set out above – reflects that he can afford to pay the filing fee without incurring undue financial hardship. *Cf.* N.D. TEX. MISC. ORDER NO. 6, Rule 2a(4)(a)(ii) (May 5, 2005) (this Court routinely grants leave to proceed *in forma pauperis* if "the average six month balance of [an] inmate['s] trust account and other financial resources are less than Fifty Dollars").

## Recommendation

Petitioner's IFP application [Dkt. No. 4] should be denied, and he should be ordered to pay the $5.00 filing fee within 21 days of any order accepting this recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: December 6, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE