IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARNOLD D. DARDEN <br> (TDCJ No. 1290607), <br><br> Petitioner, <br><br> V. <br><br> LORIE DAVIS, Director <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § | No. 3:16-cv-3361-M-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should construe the petition filed by Arnold D. Darden, a Texas inmate, proceeding *pro se*, as requesting a statutory writ of mandamus and summarily dismiss this action.

**Applicable Background**

This action was docketed as one seeking habeas relief under 28 U.S.C. § 2241. But, as the undersigned noted in the December 6, 2016 Order and Notice of Deficiency,

> [t]o the extent that Darden seeks relief under 28 U.S.C. § 2241, relief under that provision is not applicable here because Darden is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a) (a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on

the ground that he is in custody in violation of the Constitution or laws or treatise of the United States"); *see, e.g., Salinas v. Tex. Parole Bd.*, No. SA-10-CA-983-XR, 2010 WL 5665066, at *3 (W.D. Tex. Dec. 21, 2010) ("Although Salinas[, a state prisoner,] filed this petition under § 2241, it is 'an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court ... ,' and shall be construed as a § 2254 habeas petition." (quoting 28 U.S.C. § 2254(a))), *rec. accepted*, 2011 WL 318621 (W.D. Tex. Jan. 28, 2011).

Dkt. No. 5.

As noted in the same order, it appeared that Darden could be challenging the state court's denial of his claim that he is entitled to sentencing credit for pre-trial incarceration. *See Ex parte Darden*, WR-85,185-01 (Tex. Crim. App. June 22, 2016); *see also Ex parte Darden*, W06-00984-W(A), (363d Jud. Dist. Ct., Dallas Cty., Tex. May 20, 2016) (trial court findings recommending that Darden's state writ be denied, to which is attached an affidavit from an official at TDCJ's Classification and Records Department, a portion of which affidavit is also attached to Darden's federal writ application).

But Darden titled his handwritten petition as seeking "leave to proceed in writ of mandamus," Dkt. No. 3 at 1, and the petition also reflects that Darden unsuccessfully sought mandamus relief from the state courts, *see id.* at 9, 11-14. Therefore, the Court ordered Darden to, no later than January 5, 2017, either submit an amended petition seeking habeas relief under 28 U.S.C. § 2254 or file a notice indicating that he truly seeks just mandamus relief. *See* Dkt. No. 5.

In a notice the Court received and docketed on December 15, 2016, Darden requests that "the court [ ] liberally construe his pro se pleading as a writ of

mandamus." Dkt. No. 7 (further explaining that he "truly seeks just mandamus relief").

**Legal Standards and Analysis**

The Court should honor Darden's unequivocal instruction and construe his filing as seeking relief under the federal mandamus statute: 28 U.S.C. § 1361, which provides "district courts [with] original jurisdiction of any action in the nature of mandamus to compel an officer or agency of the United States or any agency thereof to perform a duty owed to the plaintiff." *Id.*

> Although the federal writ of mandamus technically has been abolished, the court has the power to compel a federal officer to perform a duty under 28 U.S.C. § 1361. *Arnold v. Blast Intermediate Unit 17*, 843 F.2d 122, 125 n.4 (3d Cir. 1988). Statutory mandamus, like its common-law predecessor, is "intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).

*Brown v. Beard*, No. 4:CV-09-0136, 2009 WL 498630, at *2 (M.D. Penn. Feb. 25, 2009).

It is clear, however, that this Court may not use the federal mandamus statute in the manner Darden requests – to compel state officials or state courts to act – because "[f]ederal courts lack the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties." *Moore v. 204th Dist. Ct.*, No. 3:08-cv-2281-D, 2009 WL 3150983, at *3 (N.D. Tex. Sept. 29, 2009) (citing *Moye v. Clerk, Dekalb Cnty. Sup.Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973); *Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties)); *see also Hicks v. Brysch*, 989 F. Supp. 797,

811 (W.D. Tex. 1997) ("The defendant is the elected District Clerk of Karnes County, Texas, not a federal officer, agent, or employee and, as such, is not subject to the statutory mandamus authority of this Court. Thus, this Court lacks jurisdiction to entertain plaintiff's request for mandamus relief against the defendant.").

## Recommendation

This action should be summarily dismissed for the reasons explained above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 30, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE